UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY HUNT, Sr.,

    Petitioner,

v.                                          Case No. 12-C-0106

RONALD MALONE,

    Respondent,

## ORDER

The petitioner, Ricky Hunt, Sr., filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 7, 2012, the petitioner consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). Thereafter, the respondent consented to magistrate jurisdiction and the case was transferred to this court. Subsequently, the petitioner attempted to revoke his consent.

Upon the consent of the parties, a magistrate judge may conduct all proceedings in a civil matter and order the entry of judgment in the case. 28 U.S.C. § 636(c)(1). Because proceeding before an Article III judge is an important constitutional right, consent to proceed before a magistrate judge must be voluntary. Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc., 53 F.3d 851, 852 (7th Cir. 1995). Accordingly, if a magistrate judge is designated to exercise civil jurisdiction in a matter, the parties must be advised that they "are free to withhold consent without adverse consequences." 28 U.S.C. §636(c)(2). Once consent is given, absent extraordinary circumstances, a party is not

able to revoke his consent to proceed before a magistrate judge. 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b); Hatcher v. Consolidated City of Indianapolis, 323 F.3d 513, 516 (7th Cir. 2003).

Although § 636(c)(4) provides that a court may, if good cause is shown or under ordinary circumstances shown by any party, vacate a reference, the congressional intent of the Senate Judiciary Committee in adding the provision for vacation of a reference by a district judge was limited. "The removal power is to be exercised only when it is appropriate to have the trial before an article III judicial officer because of the extraordinary question of law at issue and judicial decision making is likely to have wide precedential importance." 12 Wright, Miller & Marcus, Federal Practice and Procedure §3071.3, n. 3 (citing S. Report No. 74, 96th Cong., 1st Sess. 14 [1979]).

The petitioner has not shown that his signed consent was compelled, coerced or in any way involuntarily made. Accordingly, he has not shown extraordinary circumstances to vacate his consent. Additionally, there is currently pending a motion to dismiss or to transfer the case to the Western District of Wisconsin. The respondent has filed a brief in support of that motion. The petitioner has not filed a response brief. The petitioner did file a letter which incorrectly indicates that his case has already been transferred to the Western District of Wisconsin. The court has not ruled on the respondent's motion to dismiss or transfer the case to the Western District of Wisconsin. The case currently remains in the Eastern District of Wisconsin. If the petitioner wants to file a responsive brief to the motion to dismiss he should do so on or before **July 6, 2012**.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's response brief shall be filed on or before **July 6, 2012**.

Dated at Milwaukee, Wisconsin this 20th day of June, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge