IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY HUNT, SR.,

                                                                   OPINION and ORDER

                    Petitioner,

                                                                   12-cv-499-bbc

    v.

RONALD K. MALONE,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Ricky Hunt seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of his state court conviction. After conducting a preliminary review of the petition, this court directed respondent to show cause why relief should not be granted. Respondent filed an answer, along with records from the relevant state court proceedings, and the parties briefed the matter. From the record and from the parties' briefs, I conclude that petitioner is not entitled to the relief he is seeking and I am denying his petition.

BACKGROUND

      Petitioner was charged in Jefferson County Case No. 2007CF227 with multiple counts of second-degree reckless endangerment, reckless injury and reckless driving arising out of an incident in which the vehicle he was driving collided with several others, causing great bodily injury. A competency evaluation disclosed that petitioner suffered from a

1

seizure disorder and a major depressive episode. At trial, petitioner presented testimony from an expert witness who testified that petitioner had experienced an epileptic seizure at the time of the accident. After a jury found petitioner guilty as charged, the circuit court sentenced him to serve six years of initial confinement in prison, followed by a five-year term of extended supervision.

After the trial, petitioner filed a motion for post conviction relief, asserting that his trial counsel was ineffective by not informing him of the possibility of entering a plea of not guilty by reason of mental disease or defect. The circuit court denied the motion following a hearing. State v. Hunt, Jefferson County Case No. 2007CF227 (March 18, 2010). The Wisconsin Court of Appeals affirmed that decision in an unpublished opinion, finding that under Strickland v. Washington, 466 U.S. 668 (1984):

> Hunt's argument on deficient performance fails because he has not shown that a mental disease or defect plea was an available option in this case. Hunt argues that he would have attempted to establish at trial that an epileptic seizure before the collision kept him from appreciating the wrongfulness of his acts or conforming his conduct to the requirements of law. In response, the State points out that its theory of the case was partly that Hunt knew he was not properly taking his medication for seizures, and knew that it was dangerous for him to drive in that condition. Thus, the "conduct" for which he was prosecuted was not so much the specific driving behavior that produced the collision, but more the decision to be driving in the first place.
>
> Hunt does not explain how his epileptic condition would have impaired his ability to decide whether to drive in an improperly medicated condition. In the absence of such a connection, it would have been reasonable for an attorney to conclude that a mental disease or defect plea was not an available choice, because at trial the defendant could offer no evidence to support it. Indeed, as the State points out, in the absence of evidence the court would be unlikely to submit this theory to the jury at trial. Therefore, counsel could reasonably conclude that it was not necessary to discuss this issue with Hunt. State v. Hunt, 2011 WI App 143, 3-7.

State v. Hunt, 2011 WI App 143, 337 Wis. 2d 556, 806 N.W.2d 268 (per curiam). The Wisconsin Supreme Court summarily denied petitioner's petition for further review. State v. Hunt, 2012 WI 2, 338 Wis. 2d 322, 808 N.W.2d 714.

OPINION

Petitioner now seeks relief from his conviction under 28 U.S.C. § 2254. from his conviction in the Circuit Court for Jefferson County in case no. 2007CF227. He raises the same claim that he presented in state court. In particular, petitioner argues that he was denied effective assistance of counsel when his trial attorney failed to advise him of the possibility of entering a plea of not guilty by reason of mental disease or defect.

A. Habeas Corpus Standard of Review

The claim raised by petitioner was adjudicated in the state circuit court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court, which summarily denied review. When a state system issues multiple decisions, a federal habeas corpus court typically considers "the last reasoned opinion on the claim." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). See also Woolley v. Rednour, 702 F.3d 411, 421 (7th Cir. 2012) (unless a state court adopts or incorporates the reasoning of a prior opinion, 28 U.S.C. § 2254 requires federal courts to review one state decision) (citation omitted). To the extent that the claim was addressed on the merits, petitioner must show that its adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The standard outlined in § 2254(d)(1) is exacting and "highly deferential," <u>Burt v. Titlow</u>, __ U.S. __, 134 S. Ct. 10, 15 (2013), demanding that state courts be given "the benefit of the doubt." <u>Harrington v. Richter</u>, __ U.S. __, 131 S. Ct. 770, 786 (2011). To prevail, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Id.</u> at 786-87. A state court's decision is deemed contrary to clearly established federal law if the state court reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or reaches a different conclusion from the Supreme Court based on materially indistinguishable facts. <u>Williams v. Taylor</u>, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005). In addition to the "formidable barrier" posed by this standard, <u>Titlow</u>, 134 S. Ct. at 16, the petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. <u>Ineffective Assistance of Counsel at Trial</u>

Petitioner maintains that he was denied effective assistance of counsel when his trial attorney failed to advise him of the possibility of entering a plea of not guilty by reason of

4

mental disease or defect. Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in Strickland, 466 U.S. 668. To prevail under the Strickland standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. Williams 529 U.S. at 390-91. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." Strickland, 466 U.S. at 687.

In reviewing the state appellate court's decision, the central question is not whether this court "'believes the state court's determination' under the Strickland standard 'was incorrect but whether the determination was unreasonable—a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 478 (2007)). In addition, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. (citing Youngblood v. Alvarado, 541 U.S. 652, 664 (2004)). Thus, this standard is "doubly deferential" on habeas corpus review. Id. See also Richter, 131 S. Ct. at 788 (emphasizing that the standards created by Strickland and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

At trial, the state's primary theory was that petitioner drove with the awareness that his seizure disorder was not sufficiently treated and, therefore, risked a debilitating seizure while driving, endangering other motorists. As both the circuit court and the Wisconsin

Court of Appeals noted, none of the evidence or argument supported a finding that petitioner lacked substantial capacity to appreciate the wrongfulness of his decision to drive without having taken his seizure medication. Petitioner disagrees with the state court's determination, but he does not show that he met the criteria for entering a guilty plea by reason of mental disease or defect under these circumstances. (In Wisconsin, "[a] person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect the person lacked substantial capacity either to appreciate the wrongfulness of his or her conduct or conform his or her conduct to the requirements of law." Wis. Stat. § 971.15(1).) Absent a showing that such a plea was available, petitioner cannot demonstrate that his attorney was deficient or that he suffered actual prejudice as the result of his counsel's failure to advise him regarding the possibility of entering a guilty plea based on mental disease or defect. Because petitioner does not otherwise show that the state court's decision was objectively unreasonable, he is not entitled to relief under 28 U.S.C. § 2254 on this claim.

### C. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must make the additional showing that "jurists of reason" would find it "debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

For the reasons already stated, I conclude that petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that

1. The petition filed by Ricky Hunt for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED and this case is DISMISSED with prejudice. The clerk of court is directed to enter judgment for respondent and close this case.

2. A certificate of appealability is DENIED. Petitioner may seek a certificate from

the court of appeals under Fed. R. App. 22.

Entered this 7th day of November, 2014.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge